**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRUCE DEAN BURGE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0370-SSV-SS** |
| **MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION** | |

**REPORT AND RECOMMENDATION**

The plaintiff, Bruce Dean Burge ("Burge"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Rec. doc. 1.

**PROCEDURAL HISTORY**

On June 18, 2010, the Administrative Law Judge ("ALJ") notified Burge of an unfavorable decision. R. 6. On November 22, 2011, the Appeals Council denied his request for review of the ALJ's decision. Burge was notified that: (1) he had sixty days from the receipt of the letter to file a civil action; and (2) it was assumed that he received the letter within five days of the date of the letter. Rec. doc. 6 (Exhibit 2). Sixty-five days from November 22, 2011 was Thursday, January 26, 2012. The Commissioner is not aware of any request by Burge for an extension of this deadline. See Declaration of Marian Jones [Rec. doc. 6 (Attachment at para. 3(b))].

A form complaint was completed by Burge with the date January 19, 2012. Rec. doc. 1. On January 25, 2012, the U.S. Attorney notified Burge of receipt of the complaint and of the requirement that the complaint be filed. Rec. doc. 1 (Attachment). On February 2, 2012, Burge

mailed his complaint to federal court. Id. It was tendered for filing on February 3, 2012, and was filed on February 9, 2012. Rec. doc. 1.

On May 17, 2012, the Commissioner filed a motion to dismiss contending that Burge's complaint was not timely. Rec. doc. 6. It was set for submission on briefs on June 13, 2012. Burge was notified that he must file an opposition by June 5, 2012. Rec. doc. 8. He did not do so.

On June 1, 2012, Burge sent a reply to the U.S. Attorney. It was forwarded to the Court and filed in the record on June 13. Although the Commissioner's motion to dismiss was set for hearing (no oral argument) for Wednesday, June 13, on briefs, Burge came to the courthouse.

Burge reports that: (1) he met with his attorney before the hearing with the Administrative Law Judge ("ALJ") for about thirty minutes and the attorney was unprepared; (2) in January 2012, his attorney decided to withdraw; (3) by letter dated, January 13, 2013, the attorney sent him the file [Rec. doc. 9 (Attachment)]; (4) he tried to find another attorney but no one would represent him; (5) he called the Court and was given the address of the U.S. Attorney; and (6) he sent the "intent letter as instructed." Rec. doc. 9.

## **ANALYSIS**

Judicial review of final decisions on claims arising under Title II and Title XVI of the Social Security Act are provided for and limited by sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). The remedy provided by section 205(g) is exclusive. The relevant provision of section 205(g) is as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . .

Id. In Thibodeaux v. Bowen, 819 F.2d 76 (5th Cir. 1987), the complaint was filed sixty-seven days after the Commissioner's decision. The Fifth Circuit held that the district court correctly dismissed the action to review the Commissioner's decision. Id. at 79. Burge's complaint was not tendered for filing with the Clerk of Court until February 3, 2012 or more than sixty-five days after the Commissioner's final decision of November 22, 2011.

Burge's delivery of a copy of his complaint to the U.S. Attorney within the January 26, 2012 deadline did not relieve him of the obligation to file the complaint within the deadline. The November 22, 2012 letter from the Appeals Council notified Burge that, in order to file a civil action, a complaint must be filed in the United States District Court.

In Bowen v. City of New York, 476 U.S. 467, 479, 106 S.Ct. 2022 (1986), the Supreme Court held that equitable tolling was available and rare cases may arise "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480. Here, the Commissioner complied with all requirements for notifying Burge of the need to file a complaint with the Court by January 26. The Commissioner has declined to extend the period. On the other side of the scale are: (1) the withdrawal of Burge's lawyer on January 13, less than two weeks before the deadline; (2) Burge's allegation that he was told by the Court to send the complaint to the U.S. Attorney; and (3) the receipt by the U.S. Attorney of the complaint within the deadline. There is no evidence that Burge was unable to file the complaint with the Clerk before the deadline.

In seeking dismissal of the complaint, the Commissioner has concluded that the circumstances do not warrant equitable tolling. The equities in favor of tolling are sufficient that the Commissioner's judgment should be deemed inappropriate.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the motion of the Commissioner to dismiss (Rec. doc. 6) be DENIED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 22nd day of June, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**