# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE DEAN BURGE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0370-SSV-SS** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | |

## REPORT AND RECOMMENDATION

The plaintiff, Bruce Dean Burge ("Burge"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Rec. doc. 1. He appears without the assistance of counsel.

On May 17, 2012, the Commissioner moved to dismiss Burge's complaint as untimely. Rec. doc. 6. The motion was set for submission. Rec. doc. 8. Burge filed an opposition. Rec. doc. 9. The motion was denied. Rec. doc. 11. The Commissioner filed an answer. Rec. doc. 12. An order was issued requiring Burge to file a motion for summary judgment by December 7, 2012. Rec. doc. 14. Burge did not comply with this order.

On December 11, 2012, Burge was ordered to demonstrate good cause on January 9, 2013 why his complaint should not be dismissed without prejudice if he did not file a motion for summary judgment by that date. Rec. doc. 15. The order was returned as undelivered. The Postal Service stamped "return to sender - unclaimed - unable to forward." Rec. doc. 16.

Pursuant to Local Rule 11.1, each *pro se* litigant has a continuing obligation promptly to

notify the court of any address or telephone number change. Burge has not complied with this rule. In addition, the record reflects that he did not begin living in Louisiana until about 2011. In 1988, he lived in West Virginia. In 1996, he was in Denver. In 1999, he moved to Vancouver. R. 426. In 2007, he provided an Oregon address with his application for benefits. R. 162. Although Burge's request for review of the ALJ's decision listed an Oregon address (R. 39), the decision by the Appeals Council was sent to him in Hammond, Louisiana (R. 36). Burge provided a Hammond address with his complaint. Rec. doc. 1.

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139.

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the Court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989). Since Burge is unrepresented, this Court need only consider his conduct in determining whether dismissal of this action is proper under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable

neglect, which is a strict standard requiring proof of more than mere ignorance. Birl, 660 F.2d at 593.

## RECOMMENDATION

IT IS RECOMMENDED that Burge's complaint be dismissed without prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of January, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**